CALLIHAN *v.* TALKOWSKI.

1. Fraud—Misrepresentation—Reliance.

A finding of actionable fraud requires that defendant's misrepresentation exerted a material influence on minds of plaintiffs in their decision to enter into the disputed transaction.

2. Same—Reliance—Purchase of Tavern.

A plaintiff who had considerable business experience in operating golf courses and taverns, and had taken courses in business at two universities, *held*, not to have relied on defendant tavern seller's misrepresentation of gross yearly sales volume of tavern, when defendant explained that the representation was not his but that of previous owner of the tavern, and that defendant's experience had not covered a full year, and when plaintiff made no effort to examine books and records of defendant which were kept by a firm in a city only 25 miles away.

---

References for Points in Headnotes
[1, 2] 23 Am Jur, Fraud and Deceit § 141 *et seq.*

Appeal from Mackinac; Fenlon (Edward H.), J. Submitted Division 3 May 6, 1966, at Marquette. (Docket No. 1,423.)  Decided September 27, 1966. Leave to appeal denied by Supreme Court November 30, 1966.  See 378 Mich 742.

Declaration by Gerald D. Callihan and Helen L. Callihan against John W. Talkowski for damages alleged to have been caused by fraud of the defendant in misrepresenting income of tavern property in a sale to plaintiffs.  On remand by the Supreme Court of Michigan, for further proceedings, the trial court found that there was no reliance by plaintiffs on alleged misrepresentations by defendant, and entered judgment of no cause of action.  Plaintiffs appeal.  Affirmed.

*Herbert, Wood & Hood,* for plaintiffs.

*Brown & Brown,* for defendant.

FITZGERALD, J.  This case, a law action for fraud, has previously been before the Supreme Court of this State.  Therein it was remanded to the trial court for further proceedings.  A complete statement of the facts and holding in the previous appeal will be found in *Callihan* v. *Talkowski* (1963), 372 Mich 1.

The remand by the Supreme Court directed that the factual situation be tested in the light of *Massey* v. *Luce* (1909), 158 Mich 128, 135.  No further testimony was taken on remand and review of the matter by the trial court resulted in a second judgment of no cause of action.  This holding was appealed to this Court and heard in Marquette on May 6, 1966.

The record is extensive in this cause and has been exhaustively reviewed, in the light of the factual

situation, the evidence adduced, and the mandate of the Supreme Court, *supra.*

In summation, we can neither add to, nor detract from, the holding and opinion of Judge Edward H. Fenlon issued on October 14, 1965. Accordingly, we incorporate it herein and adopt it as the opinion of this Court, borne out as it is by the record and answering as it does the question raised on appeal relative to sufficiency of proofs and other matters.

"The above cause decided in favor of defendant by this court has on appeal been remanded by the Michigan Supreme Court with direction that the trial court test the factual situation in light of the rule laid down in *Massey* v. *Luce,* 158 Mich 128, 135.

"The factually decisive issue to be tested under this rule is: whether or not the defendant's advertised misrepresentation exerted a material influence upon the minds of plaintiffs in their decision to purchase the Cut River Inn.

"Plaintiffs claim they purchased the Cut River Inn from defendant in reliance upon two advertisements which appeared in the Detroit News and which among other things stated: 'Gross sales $29,000 in 8 mos'. The defendant admitted causing the said advertisements to appear, but denied that plaintiffs had a right to rely on such figure or did in fact rely on it in view of conferences had between the parties during the time leading up to the written sales agreement.

"On remand neither side elected to present additional testimony, but supplemental arguments in writing by both attorneys were submitted to the court and from a complete review of all testimony, briefs and documents concerning the cause, the court makes the following finding of facts:

"That defendant Talkowski ran two newspaper advertisements stating that the Cut River Inn, a bar and food business, was for sale and had 'Gross Sales $29,000 in 8 mos.'

"That the total gross sales for the year 1954 as reported for Michigan sales tax purposes was $25,-308.50. That this was during the last full year of operation by a single owner, Eburtus J. Fisher, prior to the newspaper advertisements.

"That the total gross sales as reported for Michigan sales tax purposes for the year 1955 was $22,-715.87, consisting of $13,812.26 reported sales by Eburtus J. Fisher for that portion of the operating season up to August 17, 1955 and $8,903.61 reported sales by John W. Talkowski for that portion of the operating season subsequent to August 17, 1955.

"That plaintiffs had knowledge that defendant's property was for sale prior to the time the advertisements in question appeared in the Detroit News.

"That at least five conferences between the parties to the September 5, 1956, sales agreement were had and that during these meetings, the parties discussed all aspects of the property including gross sales. That defendant and his wife did in fact inform plaintiff that they had not owned the property for a full year and that the $29,000 gross sales figure was not their own. The court finds that plaintiff Gerald Callihan was a man of business experience, having managed two different golf courses as well as owning the Beaverton Hotel at Beaverton, Michigan and operating the same as a licensee. Also he had attended the School of business administration at Central Michigan [University] at Mt. Pleasant and at Michigan State University and had worked as an auditor at the Bonsecour Hotel.

"The court is unable to accept his testimony that he did not fully inform himself by questions during the five preliminary conferences leading up to the sales agreement concerning the length of time the defendant had owned and operated the place and of other matters relating to the past history of the operation.

"Likewise, plaintiff's testimony in regard to his attempts to ascertain facts in the books and records

of the defendant was unsatisfactory. Cross-examination clearly showed that plaintiff was not relying on the $29,000 gross sales figure when defendant and his wife gave a complete explanation of the source of this information. The court finds that if the $29,000 gross sales advertisement had been one of the motives or had exerted a material influence upon the minds of the plaintiffs, they would, in view of their vast business experience, have insisted upon examining the books which were kept by a business firm 25 miles away in St. Ignace on the main highway, and would have determined who had kept books for the previous owner, and whether or not the $29,000 gross figure was for the previous year or was an average for several years past. This claimed lack of inquiry by the plaintiffs during the five preliminary conferences coupled with the complete explanation by defendant and his wife that the $29,000 gross figure was not their figure, but the gross sales represented to them by the previous owner and the further explanation by defendant that he had just purchased the business the previous late summer and was not going to have that gross, because the business was down, precluded the plaintiffs from any reasonable right to rely upon the $29,000 figure and, in fact, they did not rely upon such representation.

"The court further finds that plaintiffs misrepresented to the defendant that their equity in the Lauth land contract amounted to $7,100 when in fact it amounted to $2,789.05 and although defendant learned of this misrepresentation prior to the final closing and transfer of the liquor license, that because the sales agreement had been executed and the transfer of the liquor license imminent, the defendant consummated the transaction notwithstanding such misrepresentation.

"Testing this factual situation in the light of the *Massey Case, supra,* the court is unable to find the allegations of fraud substantiated.

"Judgment of no cause of action may be prepared and presented."

This Court's review leads us to the same conclusions and decision as the trial court.

Affirmed.   Costs in this Court to appellee.

HOLBROOK, P. J., and J. H. GILLIS, J., concurred.